Colleen A. Snyder (SB No. 274064)
colleen@rudermanknox.com
Ruderman & Knox, LLP
1300 National Drive, Suite 120
Sacramento, CA 95834
Telephone: (916) 563-0100
Facsimile: (916) 563-0114
Attorneys for Plaintiff

Carol Wieckowski (SB No. 95586)
carolw@ewwsllp.com
Evans, Wieckowski, Ward, & Scoffield, LLP
745 University Avenue
Sacramento, CA 95825
Telephone: (916) 923-1600
Attorneys for Defendant

Marcy Gutierrez (SB No. 214224)
mgutierrez@lozanosmith.com
Lozano Smith
One Capitol Mall, Suite 640
Sacramento, CA 95814
Telephone: (916) 329-7433
Attorneys for Defendant

**THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| J.J., by and through his guardian and parent, TYLER A., <br><br> Plaintiff, <br><br> vs. <br><br> ROCKLIN UNIFIED SCHOOL DISTRICT, <br><br> Defendant. | CASE NO: TBD <br><br> **JOINT PETITION FOR APPROVAL OF MINOR'S COMPROMISE** |

-1-
Joint Petition for Approval of Minor's Compromise

Plaintiff J.J., a minor, by and through his legal guardian and parent, T. Achey ("Plaintiff"), and the Rocklin Unified School District ("the District") hereby jointly petition the Court for approval of the parties' proposed settlements of Plaintiff's claims arising under the Individuals with Disabilities in Education Act ("IDEA"), Section 504 of the Rehabilitation Act of 1973 ("Section 504"), Title II of the Americans with Disabilities Act ("ADA"), the Fourth Amendment, and California's Unruh and Bane Acts. This Court has jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1367.

## BACKGROUND

J.J. is an eleven-year-old boy with an intellectual disability. He qualifies for special education under the IDEA, as well as the protections of Section 504 and Title II of the ADA. J.J. has global developmental delays and is non-verbal. He has deficits in all areas of academics, communication, adaptive daily living skills, behavior, motor planning, sensory processing, gross and fine motor skills, and executive functioning. J.J. resides with his mother, Tyler A., in Placer County, California, within the geographical boundaries of the District. Tyler A. holds all educational rights alone for J.J., and no other person may bring any action, claim, or complaint against the District on J.J.'s behalf.

On January 23, 2019, Plaintiff filed an administrative claim against the District before the California Office of Administrative Hearings (OAH Case No. 2019010877) ("Administrative Claim"). The Administrative Claim alleged that the District violated the IDEA by failing to adequately assess J.J. in all areas of suspected disability and failing to offer and provide him with a free appropriate public education. *See* Administrative Claim attached as "Exhibit 1." Plaintiff also served Claims for Damages on the District, dated January 24, 2019 ("Exhibit 2"), and April 17, 2019 ("Exhibit 3"), arising out of the District's alleged use of force and unlawful restraint of J.J.

<u>Specifically, Plaintiff alleges</u>:

J.J. was injured at school on September 17, 2018 after an unspecified incident in which he reportedly fell over a partition in the classroom. J.J.'s arm was scratched and he

suffered a grand mal seizure the night of the incident. He was thereafter resistant to attending school. The next day, the school principal called Tyler A. and informed her that the teacher was on leave pending an investigation of the incident. She stated that "there may have been some physical blocking." This was the only information provided to Tyler A. regarding the incident until April 8, 2019, when her counsel received statements from three instructional aides who were in the classroom the day of the incident. The aides described that J.J. had dropped his snack of goldfish crackers on the ground in the classroom, and was restrained by the teacher and one aide using partitions made of PVC pipes for approximately thirty minutes in an effort to force him to pick up the snack. During the incident, J.J. became visibly upset, pulled down his pants, and attempted to escape through the mats, breaking a PVC pipe and scratching his arm.

Plaintiff's counsel also discovered a report in J.J.'s educational records, dated December 15, 2015, which detailed the District's purchase of a Rifton Activity Chair, a piece of adaptive equipment intended to provide postural support for students with low muscle tone, as a means to control J.J.'s off-task behaviors in the classroom. J.J. was not aggressive or violent. He was reportedly resistant to work completion and easily distracted by others in the classroom. According to the District's report, J.J. frequently reached out and pushed the desk or table away from him or pushed himself backwards in his chair in an attempt to escape task demands. The District specifically ordered a chair with a high back and chest strap to keep J.J. facing forward and prevent him from looking behind him, a tray to prevent him from pushing tables and chairs over, and long leg extensions with a footrest to keep his feet off the ground so that he could not push himself backwards in the chair.

The Claims for Damages notified the District that Plaintiff intended to pursue monetary damages for (1) physical and emotional injuries caused by the District's practice of restraining J.J. in the Rifton Activity Chair, and (2) physical and psychological injuries sustained as a result of the September 17, 2018 classroom incident. If Plaintiff files a Complaint regarding the facts above, Plaintiff would raise claims for discrimination under

-3-
Joint Petition for Approval of Minor's Compromise

Section 504, Title II of the ADA, and California's Unruh Act, claims under Section 1983 of U.S.C. title 42 for violation of J.J.'s Fourth Amendment rights and the Bane Act (Cal. Civ. Code section 52.1) for the District's use of excessive force and unreasonable seizure, as well as negligence claims against the District and its administrators.

## PROPOSED SETTLEMENTS

On June 24, 2019, the parties executed a Final Settlement Agreement ("IDEA Settlement"), attached as "Exhibit 4," which resolves Plaintiff's claims under the IDEA only, through June 21, 2019, the date of execution. The IDEA Settlement is contingent on (1) settlement of Plaintiff's non-IDEA claims asserted in the Claims for Damages, (2) approval by the District's governing board, and (3) Court approval of this Petition. On June 26, 2019, the parties finalized a Settlement Agreement and Release ("Civil Settlement"), attached as "Exhibit 5," to resolve all non-IDEA claims arising from the acts or omissions alleged in the Claims for Damages.

1) The IDEA Settlement ("Exhibit 4") provides:
    b. The District will fund independent educational evaluations in the areas of:
        i. Psychoeducation;
        ii. Alternative/Augmentative Communication ("AAC");
        iii. Physical therapy;
        iv. Speech and language;
        v. Occupational therapy; and
        vi. Assistive technology;
    c. The District will amend J.J.'s Individual Education Plan ("IEP") to indicate that he will receive support from a one-to-one trained aide throughout his school day, include information from a recent independent functional behavior assessment, and increase behavior support;
    d. The District will work with the independent board certified behavior analyst to revise J.J.'s IEP goals and behavior intervention plan during the summer of

2019;

e. The District will fund consultation with private providers in the areas of assistive technology, alternative/augmentative communication, and behavior during the fall of 2019;

f. The District will fund additional services in the areas of speech and language therapy, physical therapy, occupational therapy, and behavior support, through October 2019, when the independent educational evaluations specified above should be completed and reviewed at an IEP meeting to determine J.J.'s prospective needs;

g. The District will establish a compensatory education fund in the amount of $25,000, to be accessible for educationally-related services and/or assessments through August 31, 2024;

h. The District will pay Plaintiff's attorneys' fees incurred in the administrative proceeding in the amount of $20,000.

i. Plaintiff shall release and discharge the District from any and all claims, demands, and causes of action arising under the IDEA only, through the date of execution of the Agreement, June 24, 2019.

2) The Civil Settlement ("Exhibit 5") provides:

a. The District agrees to pay $375,000.00 to Plaintiff's attorney-client trust account at Ruderman & Knox, LLP, within thirty days of Court approval; and

b. Plaintiff releases all past and present non-IDEA claims arising from the acts or omissions of the District alleged in the Claims for Damages dated January 24 and April 17, 2019.

**ALLOCATION OF SETTLEMENT PROCEEDS**

On or about November 9, 2018, Tyler A. entered into an Attorney-Client Fee Contract with Ruderman & Knox, LLP, to represent her and J.J. regarding J.J.'s special education program and services. *See* Declaration of Colleen A. Snyder (hereafter "Snyder

Decl.") attached as "Exhibit 6." According to the Contract, Ruderman & Knox agreed to pursue legal fees from the District, to the extent permissible by law. *Id*. If legal fees were not reimbursed in full by the District, Tyler A. remained responsible for payment of any outstanding fees. *Id*. Tyler A. was required to pay $40 per month toward legal fees. *Id*.

On March 4, 2019, Tyler A. entered into a separate Attorney-Client Contingency Fee Agreement in which she retained Ruderman & Knox, LLP, to represent her and J.J. with respect to any applicable civil rights claims. *Id*. According to the Contingency Fee Agreement, Ruderman & Knox would receive a percentage of any net recovery, in addition to any fees recovered pursuant to statute. *Id*. If the matter was resolved before a lawsuit was commenced, as was the case here, the Contingency Fee Agreement provided that Ruderman & Knox was to receive twenty-five percent (25%) of the "net recovery." *Id*. The "net recovery" is defined as the total of all amounts received by settlement, excluding any specific award of attorneys' fees, minus all costs and/or litigation expenses. *Id*.

The total amount received via the Civil Settlement in this case is $375,000. *Id*. After reduction for costs and fees, J.J. will receive $280,630.52. *Id*. Upon establishment of the special needs trust, the funds shall be deposited and held in a special needs trust for the sole benefit of J.J. *Id*.

## **FAIRNESS TO MINOR**

> "District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). In the context of a proposed settlement in suits involving minors, the Court must "'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" Id. at 1181 (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)).
>
> *Schaeffer v. Gregory Vill. Partners, L.P.*, No. 13-cv-04358-JST, 2015 U.S. Dist. LEXIS 159463, at *4 (N.D. Cal. Nov. 23, 2015)

In *Robidoux*, the Ninth Circuit described the process district courts are to employ when evaluating a proposed settlement of federal claims.

> In cases involving the settlement of a minor's federal claims, district courts should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases," and should "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." Id. at 1181-82 (citing *Dacanay*, 573 F.2d at 1078).
>
> *Schaeffer v. Gregory Vill. Partners, L.P.*, No. 13-cv-04358-JST, 2015 U.S. Dist. LEXIS 159463, at *4 (N.D. Cal. Nov. 23, 2015)

Plaintiff's counsel believe that the Settlements are fair and reasonable to J.J. considering the facts of the case and the nature of J.J.'s alleged injuries. *See* Snyder Decl. J.J.'s injuries were primarily mental and emotional, although he did sustain injury to his arm and suffered a seizure the night of the September 2018 incident. If the case was litigated, the District would likely challenge the nature, extent, and causation of the injuries sustained. The Settlement amount of $375,000 was agreed-upon after a day of negotiations and based on Plaintiff's counsel's review of settlements in similar cases in the area.

For example, in *Beecham v. Roseville City School District*, 2018 WL 6524267 (Dec. 12, 2018), this Court approved a settlement of multiple disabled minors' claims alleging similar causes of action based on what the Court described as "severe physical, verbal, and emotional abuse" at the hands of their teacher over a period of approximately three months. *Beecham* at *1. The plaintiffs alleged that the teacher abused them by "hitting, slapping, pinching, pushing, yelling, and pulling by the hair or ears," over a period of approximately three months. *Id.* The teacher also allegedly referred to the children, who were minorities, using racially-derogatory language. *Id.* The recovery to the students ranged from $251,089.76 to $599,490.77. *Id.* at *2. Similarly, in *Hugunin v. Rocklin Unified School District*, Case No. 2:15-cv-00939-MCE-DB (E.D. Cal. March 23, 2018), this Court approved settlements of a group of minor students with autism who were "subjected to

-7-
Joint Petition for Approval of Minor's Compromise

teacher's punching, kicking, sitting on and screaming …" *Id*. at *3 (citing *Hugunin*). The minors' settlements ranged from $202,677.95 to $1,013,016.85. *Id*.

The Civil Settlement in this case resolves Plaintiff's non-IDEA claims against the District arising from the incidents described in the Claims for Damages dated January 24 and April 17. 2019, as described above, in exchange for a lump sum payment of $375,000. J.J.'s portion of the settlement proceeds will be $280,630.52. In light of the facts and injuries sustained to J.J., and in comparison to the settlements in *Beecham* and *Hugunin*, the settlement seems fair and reasonable. Further, the relatively quick resolution of this case benefits J.J. and Tyler A. Rather than having to wait a year or two for the case to be litigated, the settlement proceeds will be immediately available to them upon establishment of the special needs trust. This is of value to Plaintiff as Tyler A. is a single mother who has been unable to work outside the home due to the extent and nature of J.J.'s disability. Further, as a result of early resolution, the parties have not yet incurred significant costs in this case, thereby resulting in a greater award to Plaintiff.

Lastly, under the IDEA Settlement, J.J. will also be provided with important independent assessments in every area of need. This will assist his mother in ensuring his needs are addressed prospectively. He is also receiving additional services, accommodations, and compensatory funding in the amount of $25,000 to be used for educationally-related services and/or assessments.

Therefore, Plaintiff respectfully requests that the Court approve the proposed Settlement Agreements and the distribution of settlement funds as follows:

    a.    Payment of costs in the amount of $825.97;

    b.    Payment of fees to Ruderman & Knox in the amount of $93,543.61;

    c.    Funding of a special needs trust created for the benefit of J.J. in the amount of $280,630.52; and

    d.    Payment of fees from J.J.'s portion of the proceeds, as necessary for an estate planning attorney to establish the trust.

| | | |
|---|---|---|
| DATED: July 24, 2019 | | RUDERMAN AND KNOX, LLP |
| | | By: /s/ Colleen A. Snyder |
| | | COLLEEN A. SNYDER |
| DATED: July_24, 2019 | | EVANS, WIECKOWSKI, WARD, & SCOFFIELD. LLP |
| | | By: /s/ Carol Wieckowski |
| | | CAROL WIECKOWSKI |
| DATED: July_24, 2019 | | LOZANO SMITH |
| | | By: /s/ Marcy Gutierrez |
| | | MARCY GUTIERREZ |

-9-

Joint Petition for Approval of Minor's Compromise