UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

J.J., by and through his guardian ad litem and parent, TYLER A.,

Plaintiff,

v.

ROCKLIN UNIFIED SCHOOL DISTRICT,

Defendant.

No. 2:19-cv-01404-KJM-DB

ORDER

This case initially came before the court on a joint petition for approval of a minor's compromise. ECF No. 1. On August 26, 2019, plaintiff filed a properly noticed motion for approval of a minor's compromise. Mot., ECF No. 7. The motion is unopposed. The court submitted the motion without oral argument and resolves it here. ECF No. 10.

I. BACKGROUND

Plaintiff J.J. is an eleven-year-old boy with an intellectual disability, who qualifies for special education under the Individuals With Disabilities Act (IDEA), 20 U.S.C. § 1400 *et seq.* Mot. at 3. Plaintiff's educational rights are held by his parent, Tyler A., who has been appointed his guardian ad litem in this case. ECF No. 8.

1

On January 23, 2019 plaintiff filed an administrative claim against defendant Rocklin School District (the "District") before the California Office of Administrative Hearings ("OAH"). *Id.* (citing OAH Case No. 2019010877); Mot., Ex. 1, ECF No. 1-1 ("Administrative Claim"). The administrative claim alleged defendant violated the IDEA by "failing to adequately assess J.J. in all areas of suspected disability and failing to offer and provide him with a free appropriate public education." Mot. at 3.

Plaintiff also served the District with two Claims for Damages, dated January 24, 2019, Mot., Ex. 2, ECF No 7-2, and April 17, 2019, Mot., Ex. 3, ECF No. 7-3. Plaintiff notified the District he intended to pursue claims for damages from physical and psychological injuries arising out of an incident in plaintiff's public school classroom on September 17, 2018, in which plaintiff reportedly fell over a partition in the classroom, scratching his arm. Mot. at 3–4. That night, he suffered a grand mal seizure. *Id.* The next day, the principal informed plaintiff's guardian "there may have been some physical blocking" by the teacher, causing plaintiff's fall. *Id.* Three instructional aides present during the incident reported that the teacher restrained plaintiff for approximately thirty minutes in an effort to force him to pick up a snack he had dropped. *Id.* The aides reported that plaintiff "became visibly upset, pulled down his pants, and attempted to escape through the mats, breaking a PVC pipe [used as a partition in the classroom] and scratching his arm." *Id.*

Additionally, the Claims for Damages alleged plaintiff suffered physical and emotional injuries caused by the District's alleged practice of restraining plaintiff using a piece of adaptive equipment generally intended to provide postural support for students with low muscle tone. *Id.* Plaintiff alleged the District improperly restrained plaintiff using this equipment to control his off-task behaviors in the classroom. *Id.* at 4.

Before plaintiff filed a complaint before this court, the parties engaged in settlement negotiations. On June 24, 2019, the parties settled plaintiff's potential IDEA claims only (the "IDEA Settlement"), and the settlement was contingent on (1) settlement of plaintiff's non-IDEA claims through June 21, 2019; (2) approval by the District's governing board; and

(3) this court's approval of the settlement. Mot. at 5; *id.*, Ex. 4, ECF No. 7-4 (IDEA Settlement). Two days later, the parties finalized a settlement resolving plaintiff's non-IDEA claims arising out of the acts or omissions alleged in plaintiff's Claims for Damages (the "Civil Settlement"). Mot. at 5; *id.*, Ex. 5, ECF No. 7-5 (Civil Settlement). According to the parties, plaintiff's potential non-IDEA claims included claims under section 504 of the Rehabilitation Act of 1973 ("Section 504"), Title II of the Americans with Disabilities Act ("ADA"), the Fourth Amendment, and California's Unruh and Bane Acts. Mot. at 3.

II. THE SETTLEMENT

The IDEA Settlement, Ex. 4[1], provides:

1. The District will fund independent educational evaluations in the areas of:
    a. Psychoeducation;
    b. Alternative/Augmentative Communication ("AAC");
    c. Physical therapy;
    d. Speech and language;
    e. Occupational therapy; and
    f. Assistive technology;
2. The District will amend J.J.'s Individual Education Plan ("IEP") to indicate that he will receive support from a one-to-one trained aide throughout his school day, include information from a recent independent functional behavior assessment, and increase behavior support;
3. The District will work with the independent board certified behavior analyst to revise J.J.'s IEP goals and behavior intervention plan during the summer of 2019;[2]

---

[1] The court notes plaintiff appears to have inadvertently included an additional page 7 of Exhibit 4, which is unreadable. *See* Civil Settlement at 9. The court disregards this unreadable, duplicate page.

[2] Even though this date has passed, the court assumes this condition and all other conditions with dates that have passed have been met.

3

|   |     |                                                                                        |
|---|-----|----------------------------------------------------------------------------------------|
| 1 | 4.  | The District will fund consultation with private providers in the areas of assistive technology, alternative/augmentative communication, and behavior during the fall of 2019; |
| 4 | 5.  | The District will fund additional services in the areas of speech and language therapy, physical therapy, occupational therapy, and behavior support, through October 2019, when the independent educational evaluations specified above should be completed and reviewed at an IEP meeting to determine J.J.'s prospective needs; |
| 9 | 6.  | The District will establish a compensatory education fund in the amount of $25,000, to be accessible for educationally related services and/or assessments through August 31, 2024; |
| 12 | 7. | The District will pay plaintiff's attorneys' fees incurred in the administrative proceeding in "an amount not to exceed" $20,000; |
| 14 | 8. | Plaintiff shall release and discharge the District from any and all claims, demands, and causes of action arising under the IDEA only, through the date of execution of the Agreement, June 24, 2019; |

The Civil Settlement, Ex. 5, provides:

9. The District agrees to pay $375,000.00 to Plaintiff's attorney-client trust account at Ruderman & Knox, LLP, within thirty days of court approval; and

10. Plaintiff releases all past and present non-IDEA claims arising from the acts or omissions of the District alleged in the Claims for Damages dated January 24, 2019 and April 17, 2019.

////
////
////
////
////
////

In sum, plaintiff requests the court approve the distribution of settlement funds as follows:

1. Payment of costs in the amount of $825.97;
2. Payment of fees to Ruderman & Knox in the amount of $93,543.61;
3. Funding of a special needs trust created for the benefit of J.J. in the amount of $280,630.52; and
4. Payment of fees from J.J.'s portion of the proceeds, as necessary for an estate planning attorney to establish the trust, not to exceed $4,500.[3]

Mot. at 9–10.

## III. LEGAL STANDARD

District courts have a duty to protect the interests of minor or incompetent litigants. *See* Fed. R. Civ. P. 17(c)(2) (requiring court "appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action"). This special duty requires a district court to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also* E.D. Cal. L. R. 202(b) ("No claim by or against a minor or incompetent person may be settled or compromised absent an order by the Court approving the settlement or compromise.").

The Ninth Circuit instructs district courts to "limit the scope of their review to the question of whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar

---

[3] The original settlement submitted to the court did not include a cap on the amount of J.J.'s portion of the proceeds that could be used for an estate planning attorney to establish the trust. *See* Mot. at 9. Concerned by this, the court issued an order directing the parties to file a further stipulation explaining why no cap is necessary or, if the court determines a cap is required, what that cap should be. ECF No. 12. In response, the parties filed a stipulation stating that the total legal fees actually incurred by the attorney who prepared a special needs trust for J.J. were $3,988.50 pus a $435.00 filing fee. ECF No. 14 at 2. Therefore, the parties stipulated that the fees and costs necessary for an estate planning attorney to establish a special needs trust "would be reasonably capped at $4,500." *Id.* Satisfied with this stipulation, the court includes the cap here in its description of the settlement.

5

cases." *Robidoux*, 638 F.3d at 1181–82. This requires the court to "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.* at 1182.

IV.   DISCUSSION

The court determines that the proposed settlement is fair and reasonable to the minor plaintiff. Plaintiff's injuries appear to be primarily emotional and psychological in nature. If this matter were to proceed to trial, the minor plaintiff would face the challenge of proving "the nature, extent, and causation of the injuries sustained." Mot. at 8. In light of this obstacle, and other issues of proof, this settlement presents a fair and reasonable compromise.

Further, review of recovery in similar cases confirms the settlement is reasonable. *See Robidoux*, 638 F.3d at 1182. For example, in *Hugunin v. Rocklin Unified Sch. Dist.*, 2:15-cv-00939-MCE-DB (E.D. Cal. Mar. 22, 2018), the court approved settlements ranging from $202,677.95 to $1,013,916.85 for autistic students subjected to repeated verbal and physical abuse by their teacher. *See id.* ECF Nos. 1 (Compl.), 59, 160–62 (orders approving settlements). Similarly, in *Beecham v. Roseville City School District*, No. 2:15-cv-01022-KJM-EFB, 2018 WL 6524267 (E.D. Cal. Dec. 12, 2018), this court approved settlement amounts ranging from $251,089.76 to $599,490.77 for disabled minors subjected to "severe physical, verbal, and emotional abuse" by a teacher over three months, including "hitting, slapping, pinching, pushing, yelling and pulling by the hair or ears." *Id.* at *1–2. Plaintiff's net recovery here of $280,630.52 is within the recovery range of these similar actions, suggesting the settlement is fair and reasonable. Moreover, it appears fair and reasonable that plaintiff's recovery is on the lower end of this range, given that the allegations are somewhat less egregious than those in *Hugunin* and *Beecham*, which each involved repeated instances of physical abuse from teachers.

Furthermore, the attorneys' fees rate of 25 percent of the settlement proceeds is in line with previous settlements approved in this district. *See Mitchell v. Riverstone Residential Grp.*, No. Civ. S-11-2202 LKK/CKD, 2013 WL 1680641, at *2 (E.D. Cal. Apr. 17, 2013) ("It has been the practice in the Eastern District of California to consider 25% of the recovery as the

benchmark for attorney fees in contingency cases for minors, subject to a showing of good cause to exceed that rate."); *see also Castillo v. Cty. of Los Angeles*, No. CV 14-07702-BRO (EX), 2017 WL 5172172, at *5 (C.D. Cal. Jan. 6, 2017) (approving award of 25 percent of settlement amount). Accordingly, this element of the settlement is also fair and reasonable.

V. CONCLUSION

The court finds the proposed settlement serves the best interests of the minor plaintiff. Accordingly, the court GRANTS the motion to approve the settlement agreements, ECF No. 7. The proposed settlement agreements, as they are described in Exhibits 3 and 4 to the parties' motion, are hereby approved, and the distribution of settlement funds shall be as follows:

1. Payment of costs in the amount of $825.97;
2. Payment of fees to Ruderman & Knox in the amount of $93,543.61;
3. Funding of a special needs trust created for the benefit of J.J. in the amount of $280,630.52; and
4. Payment of fees from J.J.'s portion of the proceeds, as necessary for an estate planning attorney to establish the trust, not to exceed $4,500.

IT IS SO ORDERED.

DATED: January 22, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE